UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

─────────────────────

№ 14-CV-7562 (FB) (RER)

─────────────────────

JAYSON CORTES AND LUIS JOSE VENTURA

Plaintiffs,

VERSUS

WARB CORPORATION D/B/A LA VEGA GROCERY, JOSE ROSADO,
AND WILSON RODRIGUEZ

Defendants.
─────────────────────

**REPORT & RECOMMENDATION**

March 15, 2016
─────────────────────

**TO THE HONORABLE FREDERIC BLOCK, UNITED STATES SENIOR DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiffs Jayson Cortes ("Cortes") and Luis Jose Ventura ("Ventura") (collectively, "Plaintiffs") commenced this action against Defendants Warb Corporation d/b/a La Vega Grocery, Jose Rosado, and Wilson Rodriguez (collectively, "Defendants") on December 30, 2014, alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 206(a), 207(a) and New York Labor Law ("NYLL") N.Y. Lab. Law §§ 160, 652(1), 190, 191, 663(1), 195(1)(a); N.Y. Comp. Codes R. & Regs. Tit 12, § 142-2.2. The Defendants did not file an appearance. On May 1, 2015, the Clerk of the Court noted Defendants' default pursuant to F.R.C.P. 55(a). (ECF No. 17). On June 1, 2015, the Plaintiffs filed a motion for default judgment. On June 2, 2015, the Plaintiffs' motion was referred to me for a report and recommendation on the issues of liability and damages. (ECF No. 22; Order date 6/2/2015). For the reasons stated below, I respectfully recommend that Plaintiffs' motion for default judgment be granted. Further, I respectfully recommend that Cortes and Ventura be awarded damages of $89,608.60 and $83,870.19, respectively. I also recommend that Plaintiffs be jointly awarded $8,772.50 in attorney's fees and $569.70 in costs.

For the sake of brevity, I will dispense with the protracted explanation of the facts

1

and law normally associated with damages inquests in wage-and-hour cases. Suffice it to say that I have carefully reviewed the complaint and Plaintiffs' submissions in support of their motion for default judgment. Those submissions and the fact that Defendants are in default establish that Defendants violated the FLSA and New York Labor Law by not adequately compensating the Plaintiffs or providing Plaintiffs with the necessary details of their compensation, in accordance with the law. *E.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (upon entry of default party concedes all well pleaded factual allegations in complaint except those relating to damages). Defendants' actions violated the minimum wage and overtime provision of both the FLSA and NYLL.[1] Therefore Plaintiffs' motion for a default judgment should be granted.

## DISCUSSION

### A. <u>Wage Violations</u>

Plaintiffs allege that Defendants required them to work over 40 hours a week and did not pay an overtime premium for the hours worked in excess of 40 hours. (ECF Dkt. No. 25 (Declaration of Jayson Cortes in Support of Plaintiffs' Motion ("Cortes Decl.") at ¶¶ 8-13; ECF Dkt. No. 26 (Declaration of Luis Ventura in Support of Plaintiffs' Motion ("Ventura Decl.") at ¶ 13)).[2] Cortes worked for Defendants from September of 2010 until March 22, 2015, (Cortes Decl. at ¶ 3) with a gap of three months from June 6, 2014 to September 6, 2014. (*Id.* at ¶ 10-11; ECF Dkt. No. 22-1 (Plaintiffs' Memorandum of Law in Support of Default Judgment ("Pl.'s Br.")) at *11-14.) Ventura worked for Defendants from January 11, 2011 until April 10, 2014. (Ventura Decl. at ¶ 3). Both Plaintiffs were paid solely in cash. (Cortes Decl. at ¶¶ 8-11; Ventura Decl. at ¶¶ 8-11).

From September 6, 2010 through September 6, 2011, Cortes worked five days a week for a total of 50 hours per week and was paid $300.00. (Cortes Decl. at ¶¶ 8-11). From September 6, 2011 through September 6, 2013, Cortes worked six days a week for a total of 75 hours and was paid $400.00. *Id*. From September 6, 2013 through June 6, 2014, Cortes worked six days a week for a total of 64 hours and was paid $450.00. *Id*. From September 6, 2014 through March 1, 2015, Cortes worked six days a week for a total of 75 hours and was paid $559. *Id*. Cortes' hours and pay are summarized *infra* in Table 1.

From January 11, 2011 through August 23, 2012, Ventura worked six days a week for a total of 58 hours and was paid $300.00. (Ventura Decl. at ¶¶ 8-11). From August 23, 2012 through August 5, 2013, Ventura worked six days a week for a total of 70 hours and was paid $300.00. *Id*. From August 5, 2013 through January 6, 2014, Ventura worked six days a week for a total of 70 hours and was paid $350.00. *Id*. From January 6, 2014 through April 10, 2014, Ventura worked six days a week for a total of 70 hours and was paid $375.00. *Id*. Ventura's hours and pay are summarized *infra* in Table 2.

Plaintiffs allege that Defendants did not compensate them at the appropriate rate of one-and-one-half times their regular rate for those hours worked in excess of 40. (ECF Dkt. No. 21-1 ("Amend. Compl.") at *9, 11). These actions are in violation of the FLSA

---

[1] The Defendants are jointly and severally liable based on this review of Plaintiffs' filings.

[2] Reference is made to page numbers assigned by the ECF docketing system.

and NYLL, both of which provide that employees have a right to collect their unpaid minimum wages and uncompensated overtime hours. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 191, 663(1).

**B. Actual Damages**

A determination of damages requires consideration of the applicable limitations period under each statute. The NYLL statute of limitations is six years. New York Lab. Law §§ 198(3), 663(3). The statute of limitations for the FLSA is two years but extends to three years where a violation was willful. 29 U.S.C. § 255(a). Since Plaintiffs pleaded Defendants' willful violation, the three-year statute of limitations for the FLSA claims applies. (*See* ECF Dkt. No. 7 ("Amended Compl.") at ¶¶ 33, 43, 50, 57, 64, 70). *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 38 (E.D.N.Y. 2015) ("…as Plaintiffs allege that Defendant's failure to pay minimum wage was knowing and willful, the three-year limitations period applies").

With respect to the calculation of damages, "Plaintiff's federal claim subsumes their state law claim for the overlapping damages period. For the period that is untimely under the federal three-year statute of limitations but timely under the state law six-year statute of limitations, the state law claim is operative." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011) (quoting *Rios v. Neighborhood Const. Corp.*, No. 07 Civ. 8701, 2009 WL 3335354 (S.D.N.Y. Oct. 14, 2009)). Plaintiffs are therefore entitled to an award under either the NYLL or FLSA for any overlapping time, rather than an award under both statutes. *See Guaman v. Krill Contracting, Inc.*, No. 14-CV-4242 (FB) (RER), 2015 WL 3620364, at *8 (E.D.N.Y. June 9, 2015).

Both Cortes and Ventura contend that their weekly salaries were intended to cover only the first forty hours of work per week. (Cortes Decl. at ¶¶ 8-11; Ventura Decl. at ¶¶ 8-11). Accordingly, Cortes alleges that over the term of his employment his regular hourly rate rose from $7.50 to $13.98, and that his hourly overtime rate rose from $11.25 to $20.97. (Cortes Decl. at ¶ 8-11; Pl. Br. at 13-14). Similarly, Ventura contends that his regular rate rose from $7.50 to $9.38, and that his overtime rate rose from $11.25 to $14.07 per hour. (Ventura Decl. at ¶¶ 10-11; Pl. Br. at 15-16). These allegations, which relate to damages, need not be, and are not, accepted as true.

The Plaintiffs' declarations described their duties in the Defendants' grocery store as follows: Cortes stocked shelves, worked in the deli area, ran the cash register, and did not supervise any employees. (Cortes Decl. at ¶ 6). Ventura stocked shelves, worked in the deli area making sandwiches, cleaned the store and did not supervise any employees. (Ventura Decl. at ¶ 6). Based on the facts before the Court, it does not comport with the economic realities of our society that a person working in the same position and performing the same duties as the Plaintiffs would be compensated at a rate of, using Cortes as an example, $13.98 per hour and receiving $21.00 per hour in overtime pay. It is more probable that the weekly salaries were intended to cover any and all hours worked for that week.

If the weekly wages paid to Cortes and Ventura are taken to be compensation for all hours worked in a week, not just the first 40, the corresponding hourly rates clearly fall below minimum wage. Cortes' hourly rate decreases to $6.00 per hour at the start of his employment, increasing to $7.45 in September, 2014. Likewise, Ventura's hourly rate decreases to $5.17 per hour at the start of

3

his employment, increasing to $5.36 per hour. See *infra* Table 1 and Table 2.

Therefore, the damages are calculated to reflect the difference between the correct minimum wage[3] that Plaintiffs should have been paid pursuant to N.Y. Lab. Law §652(1) and the wages that they actually received.[4] These calculations reflect damages falling under the FLSA three-year statute of limitations as well as the NYLL six-year statute of limitations. Given the Plaintiffs' various dates of employment and their disparate rate of pay, the tables *infra* provide a breakdown of these calculations.[5]

Therefore, I recommend that Cortes be awarded $42,128.56 in actual damages and that Ventura be awarded $41,256.36 in actual damages.

### C. Liquidated Damages

Plaintiffs request liquidated damages under both NYLL and the FLSA. Prior to April 8, 2011, NYLL provided for liquidated damages at a rate of 25% of actual damages. After April 8, 2011, the NYLL was amended and now mirrors the FLSA, providing for liquidated damages in an amount equal to unpaid minimum and overtime wages. *See* 29 U.S.C. § 216(b); New York Lab. Law § 198(1-a).[6]

Here, as to Cortes, actual damages under NYLL prior to April 8, 2011 are $3,062.80. For Ventura, actual damages under NYLL prior to April 8, 2011 are $2,601.76. At a rate of 25%, Cortes should receive $765.70 and Ventura should receive $650.44 in liquidated damages for the period prior to April 8, 2011. After this date, the calculation reflects an award of 100% of actual damages.[7] Therefore, I respectfully recommend that Cortes be awarded $39,831.46 in liquidated damages and that Ventura be awarded $39,305.04 in liquidated damages.

---

[3] Pursuant to N.Y. Lab. Law §652(1), the hourly minimum wage rates are: $7.15 on and after January 1, 2007; $8.00 on and after December 31, 2013; $8.75 on and after December 31, 2014; $9.00 on and after December 31, 2015. NYLL provides that if the Section 206 of the FLSA provides a greater wage rate, the FLSA rate should be followed. *Id.* Therefore, for the period ending December 30, 2013, the FLSA $7.25 hourly wage controls. 29 U.S.C § 206(1)(C).

[4] The Plaintiffs' weekly wage is subtracted from the correct minimum wage rate and overtime rate they should have been paid to establish the amount owed to Plaintiffs on a weekly basis. This amount is then multiplied by the number of weeks that the Plaintiff worked at that wage rate and at those hours.

[5] The calculations for Cortes, based on the information above and summarized in Table 1, are reflected in Table 3. Likewise, the calculations for Ventura, based on the information above and summarized in Table 2, are reflected in Table 4.

[6] Some Courts have awarded full-liquidated damages under both NYLL and the FLSA in addition to actual damages. "Courts which have allowed both types of damages have reasoned that because the liquidated damages provision of the FLSA is compensatory and the liquidated damages provision of the NYLL is punitive, the damage provisions serve different purposes." *Castellanos v. Deli Casagrande Corp.*, No. 11-CV-245, 2013 WL 1207058, at *6 (E.D.N.Y. Mar. 7, 2013) (citation omitted). I am not persuaded by this distinction, especially because the NYLL has been amended to reflect the FLSA's 100% liquidated damages provision. *See e.g. Lopez v. Yossi's Heimishe Bakery Inc.*, No. 13-CV-5050 (FB) (CLP), 2015 WL 1469619, at *11 (E.D.N.Y. Mar. 30, 2015) ("now that the remedies are so similar—and now that New York has acted to bring its statute in line with its federal counterpart—it seems more reasonable to conclude that the two statutes adopt the same remedies to achieve the same goals."). Therefore, I decline to award Plaintiffs 100% liquidated damages under the FLSA and another award of liquidated damages under the NYLL.

[7] As to Cortes, these calculations are reflected *infra* in Table 5 and as to Ventura they are reflected in Table 6.

4

### D. Pre-Judgment Interest

In addition to actual damages under the NYLL, Plaintiffs request an award of pre-judgment interest on those awards. (Amend. Compl. at 17). Under the NYLL, Cortes sustained actual damages of $9,470.40 and Ventura sustained actual damages of $9,292.00. These damages were calculated from the start of their employment through December 30, 2011 (this date marks the start of the three year period covered by the FLSA calculated from the December 30, 2014 filing of this action). Pre-judgment interest is calculated pursuant to N.Y. C.P.L.R. 5001. The interest is calculated at a rate of 9% annually. N.Y. C.P.L.R. 5004.[8] Based on these calculations, I respectfully recommend that Cortes and Ventura be awarded pre-judgment interest of $1,142.50 and $808.79, respectively.

### E. Statutory Damages

N.Y. Lab. Law § 195(3) provides that "every employer shall … furnish each employee with a statement with every payment of wages…" Each statement must include specific, detailed information in accordance with the statute. Here, Plaintiffs allege they were not provided with wage statements throughout the course of their employment with the Defendants. (*See* Amended Compl. at ¶¶ 33, 74-77; Cortes Decl. at ¶ 13; Ventura Decl.at ¶ 13). Pursuant to NYLL § 198(1-d),[9] Plaintiffs are entitled to statutory damages for Defendants' violation of N.Y. Lab. Law § 195(3).

Plaintiffs were not provided wage statements. An employee who is not provided with a wage statement is entitled to recover "one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars…" N.Y. Lab. Law § 198(1-d). Both Plaintiffs worked for Defendants for an excess of 25 weeks. At a rate of $100 per week, both Plaintiffs exceed the statutory limit for damages. Therefore, I recommend that Cortes be awarded $2,500.00 and that Ventura be awarded $2,500.00 based on Defendant's violation of N.Y. Lab. Law § 195(3).

### F. Retaliatory Conduct

Cortes individually alleges that Defendants retaliated against him by decreasing his hours and weekly pay once they became aware of this action. (Amend. Compl. ¶¶ 78-89). Stemming from Defendants' retaliatory conduct, three weeks after his hours and weekly wages were reduced, and unable to sustain himself or his family at the reduced rate of compensation, Cortes was forced to leave his position. (Cortes Decl. at ¶¶ 20-21). Cortes alleges that he "suffered and continue[s] to suffer loss of self-esteem and confidence, and emotional pain." (Cortes Decl. at ¶ 22). For this retaliatory conduct, Cortes requests an award of both compensatory and punitive damages in the sum of $40,609.00. (Pl.'s Br. at 22-24, 35).

The FLSA and NYLL include anti-retaliation provisions. *See* 29 U.S.C. § 215(a)(3); N.Y. Lab. Law § 215(1)(a). Under the FLSA "[t]o establish a *prima facie* case of retaliation, a plaintiff must show participation in protected activity known to the defendant, an employment action disadvantaging the person engaged in the protected activity, and a causal connection between the protected activity and the

---

[8] These calculations are summarized *infra* in Table 7.

[9] Section 198-d has been revised effective February 27, 2015. I will apply the Section as it was in effect at the time of this action.

5

adverse employment action." *Solis v. SCA Rest. Corp.*, 938 F. Supp. 2d 380, 398 (E.D.N.Y. 2013) (quoting *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 566 (2d Cir.2000) (quotations omitted) (emphasis in original)). Under NYLL, "a proper retaliation claim requires a plaintiff to demonstrate a nexus between the complaint and the retaliatory action." *Bazignan v. Team Castle Hill Corp.*, No. 13 CIV. 8382 PAC, 2015 WL 1000034, at *3 (S.D.N.Y. Mar. 5, 2015) (citing *Higueros v. N.Y. State Catholic Health Plan, Inc.,* 526 F. Supp. 2d 342, 347 (E.D.N.Y.2007)).

Here, Cortes participated in protected activity by commencing this action. The Defendants received notice of this action and therefore knew that Cortes engaged in protected activity. Cortes offers two examples of Defendants' retaliatory conduct. First, Cortes submits a document alleged to be a letter of resignation forced on him by Defendants. (ECF Dkt. No. 25-1 Cortes Decl. Exh. A ("Forced Resignation Letter")). Second, Cortes submits three letters in which Defendants reduce Cortes' work hours and reduces his weekly pay. A March 9, 2015 letter authored by Cortes and directed at Defendants, accuses the Defendants of effecting these changes in retaliation for the instant action. (ECF Dkt. No. 25-3, Cortes Decl. Exh. C). Defendant Wilson Rodrigues rebuffed Cortes' accusations in a letter dated March 12, 2015, explaining that the reduction in hours stemmed from "a decrease in business revenues" but was "not in any way a direct response or retaliation for a lawsuit." (ECF Dkt. No. 25-4, Cortes Decl. Exh. D). Cortes continued to work for Defendants until March 22, 2015 when he resigned. (Cortes Decl. at ¶ 21). The Court finds Defendants' actions tantamount to a constructive termination of Cortes' employment. Therefore, Cortes has sufficiently pleaded and substantiated the claim of retaliation.

Cortes' request for $40,609.00 in damages for Defendants' retaliatory conduct is comprised of an award of $609.00 in lost wages (for the three weeks he worked after his pay and hours were reduced); $25,000.00 in compensatory damages; and $15,000.00 in punitive damages. (Pl.'s Br. at 24, 35). Given Defendants' constructive termination of Cortes, the undersigned finds that Cortes should be compensated for the three weeks during which he worked at his reduced wage and hour rate, and for the wages lost from the time of his constructive termination, on March 22, 2015, until the entry of default against in the Defendants on May 1, 2015.

This Court finds, however, that Cortes has failed to meet his burden of pleading tangible emotional or mental distress. One sentence in Cortes' declaration claiming "loss of self-esteem and confidence" does not merit $25,000.00 in compensatory damages and $15,000.00 in punitive damages. (Cortes Decl. at ¶ 22). Further, Plaintiffs' Motion does not provide the calculus behind these requested amounts, which appear to be simply arbitrary. Therefore, it is recommended that the request for $25,000.00 in additional compensatory damages and $15,000.00 in punitive damages be denied.

Cortes should be awarded $2,003.04 in damages due to his reduction in wages and ultimate separation from employment. This amount, which covers the period from the time of that reduction and until the entry of default against the Defendants, is calculated using the same methods as the actual and liquidated damages above. Cortes is entitled to liquidated damages in an equal amount under either the NYLL or FLSA.[10] Therefore,

---

[10] These calculations are reflected *infra* in Table 8.

I recommend Cortes be awarded an additional $2,003.04 in liquidated damages, for a total of $4,006.08 in damages stemming from defendant's retaliatory actions and Cortes's constructive termination.

### G. **Attorney's Fees and Costs**

Plaintiffs seek $8,772.50 in attorney's fees and $569.70 in costs. Attorney's fees and costs are awarded under both the FLSA and the NYLL. *See* 29 U.S.C. 216(b); N.Y. Lab. Law § 215(2)(a). To determine reasonable attorney's fees, the Second Circuit employs the lodestar method of establishing the attorney's reasonable hourly rate and multiplying it by the number of hours spent on litigation to arrive at a "presumptively reasonable fee". *See Hensley v. Eckerhart,* 461 U.S. 424 (1983), *Millea v. Metro North R.Co.*, 658 F.3d 154 (2d Cir. 2011).

A reasonable hourly rate is determined by reference to "the hourly rates employed in the district in which the reviewing court sits…." *Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 227, 209 (2d Cir. 2011) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 280 170, 174 (2d Cir. 2009)). Within this District, the following rates have been endorsed as reasonable: $300.00-$450.00 for partners, $200.00-$300.00 for senior associates, and $100.00-$200.00 for junior associates. *Pandeosingh v. Am. Med. Response, Inc.*, No. 09-CV-05143, 2014 WL 1365435, at *1-2 (E.D.N.Y. Apr. 7, 2014) (citation omitted).

Here, the attorney's fees requested consist of: $350 per hour for Michael Borrelli, the firm's named and managing partner; $275 per hour for Alexander Coleman, the senior counsel; $200 per hour for Alexander Gastman, a junior associate; and 75$ per hour for work done by paralegals. (ECF Dkt. No. 24 "Borrelli Decl." at ¶ 17). The requested rates fall within the range in this District and are reasonable. *See e.g. Dominguez v. B S Supermarket, Inc.*, No. 13-CV-7247 (RRM) (CLP), 2015 WL 1439880, at *15 (E.D.N.Y. Mar. 27, 2015) (awarding $350 per hour for Mr. Borrelli and $275 per hour for Mr. Coleman) (collecting cases).

Having established that the hourly rates are reasonable, the Court now considers the hours expended on this matter. "[A] motion for attorney's fees must include "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done," which must be "sufficiently detailed" to allow a court to determine whether the requested fees are reasonable." *Trs. of Plumbers Local Union No. 1 Welfare Fund, Additional Sec. Ben. Fund, Vacation & Holiday Fund, Trade Educ. Fund, & 401(K) Sav. Plan v. Temperin Mech., Inc.*, No. 12 CIV. 05646 (ILG) (SMG), 2014 WL 4678025, at *2 (E.D.N.Y. Sept. 19, 2014) (citations omitted). "Generally, the high-end amount of hours spent on [c]ases in a similar procedural posture … is no more than 55 hours total." *Dominguez*, 2015 WL 1439880, at *16 (quoting *Maldonado v. La Nueva Rampa, Inc.*, No. 10 CIV. 8195 (LLS) (JLC), 2012 WL 1669341, at *14 (S.D.N.Y. May 14, 2012) (internal quotations omitted) (collecting cases)). Here, Plaintiffs' attorneys worked a total of 42.2 hours on this action and have provided sufficient time records. (*See* Borrelli Decl. at ¶ 17; ECF Dkt. No. 24-1, Exhibit A "Time Records"). The time expended by counsel on this matter is reasonable.

As to costs, Plaintiffs request $569.70. (Borrelli Decl. at ¶ 18; Pl.'s Br. at 34). "Reasonable out-of-pocket expenses are generally reimbursed as a matter of right in

7

connection with an award of attorney's fees." *Hugee v. Kimso Apartments, LLC,* 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012) (citation omitted). Further, both the FLSA and NYLL provide for the recovery of costs. *See* 219 U.S.C. § 216(b); NYLL § 663(1). Plaintiffs' attorneys have provided documentation of the incurred costs and expenses, the majority of which covered the $400 filing fee, service on Defendants, and PACER fees. (*See* ECF Dkt. No. 24-2 (Pl.'s Summary of Expenses)). The Plaintiffs also provided receipts for the incurred costs. (ECF Dkt. No. 24-3). The costs incurred by Plaintiffs' attorneys are reasonable Therefore, I recommend that Plaintiffs be awarded $8,772.50 in attorney's fees and $569.70 in costs.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Cortes be awarded a total of $89,608.60 damages. This award reflects $42,128.56 in actual damages; $39,831.46 in liquidated damages; $1,142.50 in pre-judgment interest on his damages under NYLL; $2,500.00 in statutory damages for Defendants' failure to provide proper wage statements; and $4,006.08 in damages (including liquidated) for Defendants' retaliatory conduct. I also respectfully recommend that Ventura be awarded a total of $83,870.19. This award reflects $41,256.36 in actual damages; $39,305.04 in liquidated damages; $808.79 in pre-judgment interest on his damages under NYLL; and $2,500.00 in statutory damages for Defendants' failure to provide proper wage statements. In addition, I respectfully recommend that Plaintiffs be jointly awarded $8,772.50 in attorney's fees and $569.70 in costs.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Frederic Block within fourteen (14) business days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiffs are hereby directed to serve copies of this Report and Recommendation upon Defendants by March 17, 2016, at their last known address, and to file proof of service with the Clerk of the Court.

SO ORDERED.

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: March 15, 2016
       Brooklyn, NY

| TABLE 1 – Cortes – Summary of Hours and Pay | | | | |
|---|---|---|---|---|
| Dates of employment | Total Hours per Week | Weekly Rate | Total Overtime Hours (subtracting 40 hours from total weekly hours) | Hourly Rate ($) |
| 9/6/2010 - 9/6/2011 | 50.00 | $300.00 | 10.00 | $6.00 |
| 9/6/2011 - 9/6/2013 | 75.00 | $400.00 | 35.00 | $5.33 |
| 9/6/2013 - 6/6/2014 | 64.00 | $450.00 | 24.00 | $7.03 |
| 9/6/2014 - 3/1/2015 | 75.00 | $559.00 | 35.00 | $7.45 |
| 3/1/2015 - 3/22/2015 | 40.00 | $350.00 | 0.00 | $8.75 |

| TABLE 2 – Ventura – Summary of Hours and Pay | | | | |
|---|---|---|---|---|
| Dates of employment | Total Hours per Week | Weekly Rate | Total Overtime Hours (subtracting 40 hours from total weekly hours) | Hourly Rate ($) |
| 1/11/2011 - 8/23/2012 | 58.00 | $300.00 | 18.00 | $5.17 |
| 8/23/2012 - 8/5/2013 | 70.00 | $300.00 | 30.00 | $4.29 |
| 8/5/2013 - 1/6/2014 | 70.00 | $350.00 | 30.00 | $5.00 |
| 1/6/2014 - 4/10/2014 | 70.00 | $375.00 | 30.00 | $5.36 |

| TABLE 3 – Cortes – Summary of Calculations for Actual Damages | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date | | Min. Wage Rate ($) | Min. Wage. OT Rate ($) | Weekly Min. Wage. for 40 hours ($) | Weekly Overtime ($) | Correct Weekly Rate ($) | Difference ($) | Total Weeks | Amount Owed ($) |
| 9/6/10-9/6/11 | | 7.25 | 10.88 | 290.00 | 108.80 | 398.80 | 98.80 | 52.00 | 5,137.60 |
| 9/6/11-9/6/13 | | 7.25 | 10.88 | 290.00 | 380.80 | 670.80 | 270.80 | 104.00 | 28,163.20 |
| 9/6/13-12/30/13 | | 7.25 | 10.88 | 290.00 | 261.12 | 551.12 | 101.12 | 16.00 | 1,617.92 |
| 12/31/14-6/6/14 | | 8.00 | 12.00 | 320.00 | 288.00 | 608.00 | 158.00 | 22.00 | 3,476.00 |
| 9/6/14-12/30/14 | | 8.00 | 12.00 | 320.00 | 370.30 | 690.30 | 131.30 | 16.00 | 2,100.80 |
| 12/31/14-3/1/15 | | 8.75 | 13.13 | 350.00 | 459.38 | 809.38 | 204.13 | 8.00 | 1,633.04 |
| | | | | | | | | Total | 42,128.56 |

9

| TABLE 4 – Ventura – Summary of Calculations for Actual Damages ||||||||| 
|---|---|---|---|---|---|---|---|---|
| **Date** | | Min. Wage Rate ($) | Min. Wage. OT Rate ($) | Weekly Min. Wage. for 40 hours ($) | Weekly Overtime ($) | Correct Weekly Rate ($) | Difference ($) | Total Weeks | Amount Owed ($) |
| 1/11/11-8/23/12 | | 7.25 | 10.88 | 290.00 | 195.84 | 485.84 | 185.84 | 84.00 | 15,610.56 |
| 8/23/12-8/5/13 | | 7.25 | 10.88 | 290.00 | 326.40 | 616.40 | 316.40 | 50.00 | 15,820.00 |
| 8/5/13-12/30/13 | | 7.25 | 10.88 | 290.00 | 326.40 | 616.40 | 266.40 | 21.00 | 5,594.40 |
| 12/31/13-1/6/14 | | 8.00 | 10.88 | 290.00 | 326.40 | 616.40 | 266.40 | 1.00 | 266.40 |
| 1/6/14-4/10/14 | | 8.00 | 12.00 | 320.00 | 360.00 | 680.00 | 305.00 | 13.00 | 3,965.00 |
| | | | | | | | | Total | **41,256.36** |

| TABLE 5 – Cortes – Calculation of Liquidated Damages ||||||||
|---|---|---|---|---|---|---|---|
| Date | Weekly Rate ($) | Correct Weekly Rate ($) | Difference ($) | Total Weeks | Total ($) | Percent Awarded | Award (NYLL) ($) |
| 9/6/10-4/8/11 | 300.00 | 398.8 | 98.8 | 31 | 3,062.8 | 25% | 765.70 |
| 4/9/11-9/6/11 | 300.00 | 398.8 | 98.8 | 21 | 2,074.8 | 100% | 2,074.80 |
| 9/7/11-9/6/13 | 400.00 | 670.80 | 270.80 | 104.00 | 28,163.20 | 100% | 28,163.20 |
| 9/7/13-12/31/13 | 450.00 | 551.12 | 101.12 | 16.00 | 1,617.92 | 100% | 1,617.92 |
| 1/1/14-6/6/14 | 450.00 | 608.00 | 158.00 | 22.00 | 3,476.00 | 100% | 3,476.00 |
| 9/6/14-12/31/14 | 559.00 | 690.30 | 131.30 | 16.00 | 2,100.80 | 100% | 2,100.80 |
| 1/1/15-3/1/15 | 559.00 | 809.38 | 204.13 | 8.00 | 1,633.04 | 100% | 1,633.04 |
| | | | | | | Total | **39,831.46** |

| TABLE 6 – Ventura – Calculation of Liquidated Damages ||||||||
|---|---|---|---|---|---|---|---|
| Date | Weekly Rate ($) | Correct Weekly Rate ($) | Difference ($) | Total Weeks | Total ($) | Percent Awarded | Award (NYLL) ($) |
| 1/11/11-4/8/11 | 300.00 | 485.84 | 185.84 | 14 | 2,601.76 | 25% | 650.44 |
| 4/9/11-8/23/12 | 300.00 | 485.84 | 185.84 | 70 | 13,008.8 | 100% | 13,008.80 |
| 8/24/12-8/5/13 | 300.00 | 616.40 | 316.40 | 50.00 | 1,5820 | 100% | 15,820.00 |
| 8/6/13-12/31/13 | 350.00 | 616.40 | 266.40 | 21.00 | 5,594.4 | 100% | 5,594.40 |
| 1/1/14-1/6/14 | 350.00 | 616.40 | 266.40 | 1.00 | 266.4 | 100% | 266.40 |
| 1/7/14-4/10/14 | 375.00 | 680.00 | 305.00 | 13.00 | 3,965 | 100% | 3,965.00 |
| | | | | | | Total | **39,305.04** |

| TABLE 7 – Calculation of Pre-judgment Interest ||||
|---|---|---|---|
| **Date** | **Damages** | **Interest** | **Total** |
| **Cortes** | | | |
| 9/6/10-9/6/11 | 9,470.40 | 9% | $852.34 |
| 9/7/11-12/30/11* | 10,322.74 | 9% | $290.17 |
| | | Total | **$1,142.50** |
| | | | |
| **Ventura** | | | |
| 1/11/11-12/30/11** | 9,292.00 | 9% | $808.79 |
| | | Total | **$808.79** |
| | | | |
| *114 of 365 days calculated | | | |
| **353 of 365 days calculated | | | |

| TABLE 8 – Calculation of Retaliatory Damages |||||||
|---|---|---|---|---|---|---|
| Date | | Total Hours per Week | Weekly Rate ($) | Correct Weekly Rate ($) | Difference ($) | Total Weeks | Amount Owed ($) |
| 3/1/15-3/22/15 | | 75 | 559 | 809.38 | 250.38 | 3 | 751.14 |
| 3/23/15-5/1/15 | | 75 | 559 | 809.38 | 250.38 | 5 | 1251.9 |
| | | | | | | Subtotal | **$2,003.04** |
| | | | | | | Liquidated Damages | **$2,003.04** |
| | | | | | | Total | **$4,006.08** |

| TABLE 9 – Summary of Damages Award |||
|---|---|---|
| | **Cortes** | **Ventura** |
| Actual Damages | $42,128.56 | $41,256.36 |
| Liquidated Damages | $39,831.46 | $39,305.04 |
| Pre-Judge. Interest | $1,142.50 | $808.79 |
| Statutory Damages | $2,500.00 | $2,500.00 |
| Retaliation | $4,006.08 | $0.00 |
| | | |
| Total (each plaintiff) | $89,608.60 | $83,870.19 |
| **Sum** | | **$173,478.79** |
| **Attorney's Fees/Costs** | | **$9,342.20** |
| **Grand Total:** | | **$182,820.99** |

11